**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| CITY OF DRISCOLL, TEXAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-06-543 |
| RACHEL SAENZ; ROY GONZALEZ; | § | |
| ROLANDO PADILLA; ISRAEL ESPARZA; | § | |
| AND ANDRES MARTINEZ, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day came on to be considered the following motions in the above-styled action: (1) Defendant Roy Gonzalez' motion to dismiss Plaintiff City of Driscoll's RICO claim (D.E. 11); (2) Defendant Rolando Padilla's motion to dismiss, and in the alternative, motion to require a more definite statement (D.E. 13); (3) Defendant Israel Esparza's motion to dismiss, and in the alternative, motion to require a more definite statement (D.E. 15); (4) Defendant Rachel Saenz' motion to dismiss, and in the alternative, motion to require a more definite statement (D.E. 17); and (5) Defendant Roy Gonzalez' motion to dismiss on standing grounds, pursuant to Fed. R. Civ. P. 12(b)(1) (D.E. 21).  For the reasons set forth below, the Court DENIES the portions of Defendants Padilla, Esparza and Saenz' motions (D.E. 13, 15, 17) that address Plaintiff's breach of fiduciary duty claim, and the Court DENIES Defendant Gonzalez' motion to dismiss on standing grounds pursuant to Fed. R. Civ. P. 12(b)(1) (D.E. 21).  The Court

also ORDERS Plaintiff City of Driscoll to re-plead its RICO claim by February 12, 2007, to include the information set forth below in this Order.[1]

## I.  **Jurisdiction**

This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law breach of fiduciary duty claim pursuant to 28 U.S.C. § 1367.

## II.  **Factual and Procedural Background**

Plaintiff City of Driscoll filed its Complaint against Defendants Rachel Saenz, Roy Gonzalez, Rolando Padilla, Israel Esparza and Andres Martinez ("Defendants") on December 7, 2006 (D.E. 1).  Per Plaintiff's Complaint, Defendants Saenz and Gonzalez were former city administrators for the City of Driscoll, Defendant Padilla was the former city mayor, and Defendants Esparza and Martinez were former city commissioners.  (Complaint, ¶¶ 2-6). Plaintiff claims that in January, 2005, the Driscoll City Council adopted an Ordinance calling for the City to issue Certificates of Obligation in the amount of $680,000, for the acquisition, construction and equipping of a new City Hall.  (Id. at ¶ 8). Plaintiff alleges that the Certificates of Obligation were issued to the City of Driscoll on February 1, 2005, and that Defendant

---

[1]The Court's Order requiring Plaintiff to re-plead its RICO claim addresses D.E. 11 and the remaining portions of D.E. 13, 15 and 17.

Padilla (the former mayor) was authorized to have control over the Certificates. (<u>Id.</u> at ¶ 9). Plaintiff says that the Texas Attorney General reviewed and approved the issuance of the Certificates of Obligation, which allowed the Certificates to be sold as instruments whose interest is exempt from income taxation. (<u>Id.</u> at ¶ 9).

Plaintiff alleges that the money from the Certificates of Obligation was not used for a new City Hall, nor was it ever intended to be used for a new City Hall. (<u>Id.</u> at ¶ 11). Plaintiff alleges that the money from the Certificates of Obligation was actually used for the following purposes: (1) structural improvements of private homes of friends and/or family members of city officials; (2) repair of certain streets; and (3) to pay the State of Texas for improperly withheld ticket revenues. (<u>Id.</u> at ¶ 13). Plaintiff also alleges that Defendants have engaged in other actions of "questionable legality" prior to the situation with the Certificates of Obligation, including arranging for Defendants Padilla, Esparza and Martinez to receive salaries for work they did not actually perform on the City Council. (<u>Id.</u> at ¶ 14).

Plaintiff brings two causes of action against the Defendants, one for Texas state law breach of fiduciary duty, and the other for violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, <u>et. seq.</u> ("RICO").[2] (Complaint, ¶¶ 15-16).

---

[2] In his motion to dismiss Plaintiff's RICO claim (D.E. 11), Defendant Roy Gonzalez claims that in addition to claims for RICO

Certain Defendants have filed motions to dismiss Plaintiff's claims.  Defendant Roy Gonzalez filed two motions to dismiss (D.E. 11, 21).  He filed his first motion to dismiss on December 29, 2006 (D.E. 11), seeking to dismiss Plaintiff's RICO claim against him pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant Gonzalez filed his second motion to dismiss on January 11, 2007 (D.E. 21), seeking to dismiss Plaintiff's claims on the grounds that they lack constitutional standing.  On January 2, 2007, Defendants Rolando Padilla, Israel Esparza and Rachel Saenz filed identical motions to dismiss (D.E. 13, 15, 17) Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), and in the alternative, motions to require a more definite statement pursuant to Fed. R. Civ. P. 9(b) and 12(e).

## III. __Discussion__

### A.   __Motions to Dismiss__

"Motions to dismiss are viewed with disfavor and are rarely granted."  __Test Masters Educ. Services, Inc. v. Singh__, 428 F.3d 559, 570 (5th Cir. 2005); __Lowrey v. Texas A&M Univ. Sys.__, 117 F.3d 242, 247 (5th Cir. 1997).  In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff,

---

and breach of fiduciary duty, that Plaintiff brings claims against the Defendants for breach of contract, misappropriation of funds, theft and fraud.  (D.E. 11, ¶ 2.7).  However, Plaintiff does not specifically allege these claims in its Complaint, from the Complaint it appears that Plaintiff's only claims are for breach of fiduciary duty and violation of RICO.  (Complaint, ¶¶ 15-16).

and all facts pleaded in the complaint must be taken as true." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).  The Court must also draw all reasonable inferences from those facts in the plaintiff's favor.  See Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).  In determining whether to grant a motion to dismiss, the court must not go outside the pleadings.  See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004).  Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); see also Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Lowrey, 117 F.3d at 247 (stating that "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief").

B.   **Defendant Roy Gonzalez' Motion to Dismiss on Standing Grounds**

Defendant Gonzalez argues that this Court should dismiss Plaintiff's claims against him, on the grounds that the Plaintiff lacks constitutional standing to bring the instant litigation. (D.E. 21, ¶ 3.1).  For the reasons set forth below, the Court finds that the Plaintiff does have constitutional standing to bring this

case, and accordingly Defendant Gonzalez' motion to dismiss on standing grounds should be denied.

### 1. __Constitutional Standing__

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). Standing is not subject to waiver, and standing must be considered by federal courts even if the parties fail to raise the issue. See U.S. v. Hays, 115 S.Ct. 2431, 2435 (1995); Hang On, Inc. v. City of Arlington, 65 F.3d 1248, 1251 (5th Cir. 1995). "Standing is a jurisdictional requirement that focuses on the party seeking to get his [or her] complaint before a federal court and not on the issues he [or she] wishes to have adjudicated." Cook v. Reno, 74 F.3d 97, 98-99 (5th Cir. 1996). If a plaintiff lacks standing, then the court is without jurisdiction to consider the case on the merits. See id. at 99.

In order to establish the basis for constitutional standing, a plaintiff must show: (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct or omissions, and (3) the likelihood that the injury will be redressed by a favorable decision. See Lujan, 504 U.S. at 560-61; Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 528 (5th Cir. 1996). Injury in fact means that the plaintiff must show that he has suffered an actual loss, damage, or injury, or is threatened

with impairment of his or her own interests.  See <u>Gladstone</u>
<u>Realtors v. Village of Bellwood</u>, 441 U.S. 91 (1979).  A threatened
injury must be concrete and particularized, it may not be
conjectural or hypothetical.  See <u>Lujan</u>, at 504 U.S. 559-560.

### 2. <u>Plaintiff Has Constitutional Standing to Bring this Suit</u>

Plaintiff satisfies the three requirements necessary to
establish constitutional standing.  See <u>Lujan</u>, 504 U.S. at 560-61.
First, Plaintiff alleges an injury in fact, as Plaintiff alleges
that it was injured when money that was supposed to go to a new
City Hall was instead spent, at least in part, on home improvements
for friends/family members of city officials.  (Complaint, ¶¶ 11,
13).  Second, Plaintiff alleges a causal connection between its
injury and the Defendants' conduct or omissions, in that Plaintiff
alleges that the Defendants were the ones who misappropriated the
funds designated for the City Hall for other non-approved uses.
(Complaint, ¶¶ 12).  Third and finally, Plaintiff has shown the
likelihood that its injury will be redressed by a favorable
decision by this Court.  This is because if Plaintiff were to
prevail on its claims, this Court would be able to order the
Defendants to pay damages, so as to replace the money that was
supposed to pay for the new City Hall.  Accordingly, Plaintiff
meets the grounds for constitutional standing, and Defendant
Gonzalez' motion to dismiss on constitutional standing grounds

(D.E. 21) is hereby DENIED.[3]

### C.   **Plaintiff's Claim for Breach of Fiduciary Duty**

Certain portions of Defendants Rolando Padilla, Israel Esparza and Rachel Saenz' motions to dismiss (D.E. 13, 15, 17) seek to dismiss Plaintiff's breach of fiduciary claim, on the grounds that Plaintiff did not plead its claim with enough specificity.

### 1.   **Allegations in Plaintiff's Complaint**

In its Complaint, Plaintiff claims that Defendants jointly and severally breached the fiduciary duty they owed to the City of Driscoll.  Plaintiff pleads as follows: (1) there was a fiduciary relationship between the City of Driscoll and the Defendants; (2) Defendants breached that fiduciary duty; and (3) Defendants' breach resulted in an injury to the City of Driscoll and caused a benefit to Defendants and Defendants' close friends/family members.

---

[3]The Court notes that Defendant Gonzalez' motion only raises the issue of constitutional standing.  However, RICO contains its own standing provision, which states that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor ... and shall recover threefold the damages he sustains."  18 U.S.C. § 1964(c) (emphasis added).  In other words, in order to establish standing to sue, "a RICO plaintiff must satisfy two elements--injury and causation."  Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998).  This injury must be a "concrete financial loss."  Patterson v. Mobil Oil Corp., 335 F.3d 476, 492 n. 16 (5th Cir. 2003).  As set forth below, Plaintiff's RICO claim is not entirely clear, and by this Order, Plaintiff must re-plead its RICO claim against Defendants.  This Court does not today address Plaintiff's standing under RICO, since Plaintiff must regardless re-plead its RICO claim, and Defendant Gonzalez' motion to dismiss makes no reference to Plaintiff's standing pursuant to 18 U.S.C. § 1964(a).

(Complaint, ¶ 16).

### 2.   Breach of Fiduciary Duty Under Texas Law

The elements of a claim for breach of fiduciary duty are as follows: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached its fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. See Punts v. Wilson, 137 S.W .3d 889, 891 (Tex. App.--Texarkana 2004); Kelly v. Gaines, 181 S.W.3d 394, 414 (Tex. App.--Waco 2005).

A fiduciary relationship may arise from informal moral, social, domestic, or personal dealings, as well as from technical relationships, such as attorney-client. See Brazosport Bank v. Oak Park Townhouses, 889 S.W.2d 676, 683 (Tex. App.--Houston [14th Dist.] 1994); see also Jones v. Blume, 196 S.W.3d 440, 447 (Tex. App.--Dallas 2006) ("A fiduciary relationship may be formal or informal. Fiduciary duties arise as a matter of law in certain formal relationships, including attorney-client and trustee relationships."); Meyer v. Cathey, 167 S.W.3d 327, 331 (Tex. 2005). Where a fiduciary relationship exists, the burden is on the fiduciary to show he acted fairly and informed the beneficiary of all material facts relating to the challenged transaction. See Brazosport, 889 S.W.2d at 684; see also Sanders v. Casa View Baptist Church, 898 F.Supp. 1169, 1176 (N.D. Tex. 1995) (discussing breach of fiduciary duty under Texas law).

### 3.   **Pleading Requirements**

#### a.   **Rule 8(a) Notice Pleading**

The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which he bases his claim. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a), permitting notice pleading, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is designed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391, 396 (5th Cir. 2005) (internal quotations omitted); Conely v. Gibson, 355 U.S. 41, 47 (1957). "[D]etail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, depositions." Beard, Inc. v. Cameronics Tech. Corp., 120 F.R.D. 40, 41 (E.D. Tex. 1988).

A complaint may fail under Rule 8(a) in the following two ways: (1) where the complaint fails to "provide notice of the circumstances which give rise to the claim"; or (2) where the complaint fails "to set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." Gen. Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999).

**b.**   **<u>Rule 9(b) Heightened Standard for Fraud Claims</u>**

Fed. R. Civ. P. 9(b) states as follows: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." <u>Id.</u> When a plaintiff pleads fraud, the pleading must include details of the time, place, contents, and nature of activities that form the basis of the fraudulent conduct, and the plaintiff must identify what was obtained through the fraud. <u>See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.</u>, 975 F.2d 1134, 1139 (5th Cir. 1992).

**4.**   **<u>Rule 8(a) Applies to Plaintiff's Claim for Breach of Fiduciary Duty</u>**

A claim for breach of fiduciary duty is covered by the notice pleading standard in Fed. R. Civ. P. 8(a), not the heightened pleading standard for fraud claims set forth in Fed. R. Civ. P. 9(b). <u>See United States v. Rivieccio</u>, 661 F.Supp. 281, 290 (E.D.N.Y. 1987) ("9(b)'s particularity requirement covers allegations of fraud and mistake, and does not extend to claims of breach of fiduciary duty"); <u>In re Electronic Data Systems Corp. ERISA Litig.</u>, 305 F.Supp.2d 658, 672 (E.D. Tex. 2004) ("Allegations of breach of fiduciary duty are not necessarily fraud allegations ... Only a breach of fiduciary duty claim which includes a fraud claim implicates Rule 9(b)."); <u>Concha v. London</u>, 62 F.3d 1493, 1502

(9th Cir. 1995) ("[W]e have never applied Rule 9(b) in cases in which the plaintiffs allege a breach of fiduciary duty but do not allege fraud."); <u>United States v. Kearns</u>, 595 F.2d 729, 733 n. 18 (D.C. Cir. 1978) ("We note ... that the claim of breach of fiduciary duty would not appear to be a matter of fraud covered by [Rule 9(b)]"); <u>Tigue Investment Co., Ltd. v. Chase Bank of Texas, N.A.</u>, 2004 WL 3170789, *2 (N.D. Tex. 2004) ("By its clear terms, Rule 9(b) applies only to averments of fraud or mistake, not to averments of negligence [or] breach of fiduciary duty").[4]

Accordingly, Plaintiff is entitled to plead its breach of fiduciary duty claim under Rule 8(a) notice pleading requirements. In its Complaint, Plaintiff provides a detailed recitation of the facts of the case, and Plaintiff specifically alleges each and every element of a claim for breach of fiduciary duty under Texas law. <u>See</u> <u>Punts</u>, 137 S.W.3d at 891; Complaint, ¶¶ 8-14, 16. Plaintiff more than satisfies Rule 8(a)'s requirement of a "a short and plain statement of the claim showing that the pleader is

---

[4]Of note, "courts have applied the heightened pleading standards of Rule 9(b) to ... breach of fiduciary duty claims ***that are predicated on fraudulent conduct.***" <u>In re Westar Energy, Inc. ERISA Litig.</u>, 2005 WL 2403832, *4 (D. Kan. 2005) (emphasis added); <u>see also</u> <u>Tigue Investment Co.</u>, 2004 WL 3170789 at *2. "In such cases, particularity is only required to the extent that a plaintiff in fact alleges fraud." <u>Tigue</u>, 2004 WL 3170789 at *2. In this case, Plaintiff's breach of fiduciary duty claim does not rest on an allegation of fraud. Plaintiff does not assert a claim for fraud, nor does Plaintiff even make a single reference to "fraud" in its entire Complaint. In this case, Plaintiff's breach of fiduciary duty claim is governed by Fed. R. Civ. P. 8(a).

entitled to relief." Fed. R. Civ. P. 8(a)(2). Further details are
left to the discovery process, they are not required to be included
in Plaintiff's Complaint. Id.; see also Beard, 120 F.R.D. at 41.
Accordingly, the portions of Defendants Padilla, Esparza and Saenz'
motions to dismiss (D.E. 13, 15, 17) that seek to dismiss
Plaintiff's claim for breach of fiduciary duty are hereby DENIED.[5]

### D.   Plaintiff's RICO Claim Against Defendants

Essentially, Defendants Gonzalez, Padilla, Esparza and Saenz
argue that Plaintiff did not plead the required elements of a RICO
claim, and that Plaintiff did not plead its RICO claim with enough

---

[5]Of note, in their motions to dismiss, Defendants Esparza,
Padilla and Saenz refer to Texas state law official immunity as a
possible defense to Plaintiff's breach of fiduciary duty claim.
(D.E. 13, 15, 17, ¶¶ 29-34). Per the doctrine of official
immunity, "[g]overnment employees are entitled to official
immunity from suit arising from the performance of their (1)
discretionary duties in (2) good faith as long as they are (3)
acting within the scope of their authority." City of Lancaster
v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). When defendant
asserts a "qualified immunity" defense to a federal claim, there
is a heightened pleading standard imposed on the plaintiff to
show why his or her claim overcomes the defense of qualified
immunity. Wicks v. Mississippi State Employment Servs., 41 F.3d
991, 995 (5th Cir.), cert. denied, 515 U.S. 1131 (1995).
However, "[t]he federal doctrine of qualified immunity does not
apply to claims brought under state law," and there is no
corresponding heightened pleading requirement in the state law
context, where the Plaintiff pleads a defense of "official
immunity" to a state law claim. City of Lancaster, 883 S.W.2d at
655 n. 2. Accordingly, even if Defendants Padilla, Esparza and
Saenz were to assert the defense of official immunity to
Plaintiff's breach of fiduciary duty claim, this does not subject
Plaintiff's claim to a heightened pleading standard. See id.
Rather, Plaintiff's breach of fiduciary duty claim remains
subject to the notice pleading requirements of Rule 8(a). See In
re Electronic Data Systems, 305 F.Supp.2d at 672.

particularity.  (D.E. 11, 13, 15, 17).  Defendant Gonzalez seeks to dismiss Plaintiff's RICO claim, and Defendants Padilla, Esparza and Saenz seek to dismiss Plaintiff's RICO claim, and in the alternative, they seek a Court Order ordering Plaintiff to re-plead its RICO claim.  (Id.).  For the reasons set forth below, the Court finds that the Plaintiff does not successfully plead a RICO claim in its current operative Complaint, and the Court ORDERS the Plaintiff to re-plead its RICO claim pursuant to the specifications set forth below.

### 1.   Elements of a RICO Claim

Congress enacted RICO to combat organized crime through both criminal prosecutions and private actions.  See 18 U.S.C. § 1961, et. seq.  A private cause of action is provided under 18 U.S.C. § 1964(c).

The Fifth Circuit has held that in order to state a valid RICO claim, the plaintiff must allege the following elements: "(1) a person[6] who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise."  St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 439 (5th Cir. 2000) (citing Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir. 1988); Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 742 (5th Cir. 1989)

---

[6]The RICO statute defines a "person" as "any individual or entity capable of holding a legal or beneficial interest in property."  18 U.S.C. § 1961(3).

(a RICO claim "must involve: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.").

### a.   Pattern of Racketeering Activity

The RICO statute defines "racketeering activity" as

> any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical ... which is chargeable under State law and punishable by imprisonment for more than one year; or ... any act which is indictable under [certain] provisions of title 18, United States Code.

18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires two or more acts of racketeering activity within ten years. 18 U.S.C. § 1961(5); see also Heller Fin. Inc. v. Gramco Computer Sales, 71 F.3d 518, 523 (5th Cir. 1996) (a RICO plaintiff must allege a "pattern" of racketeering activity, which consists of at least two racketeering acts).

To constitute a "pattern of racketeering activity," RICO also requires that the two racketeering acts be "related" and that they "pose a threat of continued criminal activity." HJ Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 236 (1989); see also Tel-Phonic Servs., 975 F.2d at 1139-40 ("To prove a 'pattern of racketeering activity,' a plaintiff must show at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity."); Word of Faith World Outreach Ctr. Church v. Sawyer, 90 F.3d 118, 122 (5th Cir.

1996).  The element of relatedness is established if the acts have
the "same or similar purposes, results, participants, victims, or
methods of commission."  <u>Word of Faith</u>, 90 F.3d at 122 (internal
citations omitted).  To satisfy the continuity requirement, the
plaintiff must allege "a specific threat of repetition," or suggest
that "the predicate acts or offenses are part of Defendants'
'regular way of doing business'".  <u>Tel-Phonic Servs., Inc</u>., 975
F.2d 1134.

**b.  <u>RICO Enterprise</u>**

A RICO plaintiff must also allege the existence of an
"enterprise."  <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1998).
The RICO statute defines an "enterprise" as "any individual,
partnership, corporation, association, or other legal entity, and
any ... group of individuals associated in fact although not a
legal entity."  18 U.S.C. § 1961(4); <u>see also</u> <u>Atkinson v. Anadarko</u>
<u>Bank & Trust Co.</u>, 808 F.2d 438, 440-41 (5th Cir. 1987) (defining an
"enterprise" as "an ongoing organization, formal or informal" along
with evidence of associates functioning as a "continuing unit.").
The enterprise must be "an entity separate and apart from the
pattern of activity in which it engages."  <u>Montesano v. Seafirst</u>
<u>Commercial Corp.</u>, 818 F.2d 423, 427 (5th Cir. 1987) (internal
citations omitted).  The enterprise must also be distinct from any
legal entity that is named as a defendant in the lawsuit.  <u>See</u>
<u>Elliott v. Foufas</u>, 867 F.2d 877, 881 (5th Cir. 1989).

"[T]o establish an association in fact enterprise, the plaintiff must show 'evidence of an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit." Montesano, 818 F.2d at 426. "Simply stating ... that the defendants were part of some 'enterprise' and conspired against them does not transform the defendants into an 'enterprise' under [RICO]." Moore v. Garner, 2005 WL 1022088, *3 (E.D. Tex. 2005). Rather, the plaintiff must plead "specific facts, not mere conclusory allegations", in order to establish a RICO enterprise. Manax v. McNamara, 842 F.2d 808, 811 (5th Cir. 1988).

## 2. <u>Plaintiff Does Not Successfully Plead a RICO Claim in Its Current Operative Complaint</u>

In its current Complaint, Plaintiff's entire claim for violation of RICO reads as follows:

> City of Driscoll pleads that Defendants, jointly and severally, conspired for the purpose of violating, either directly or indirectly, the Racketeer Influenced Corrupt Organizations Act (18 U.S.C. § 1961, <u>et. seq.</u>). More specifically, Defendants, as an enterprise and/or an association in fact, engaged in a racketeering activity and/or pattern of racketeering activity composed of two (2) or more acts of improper and/or illegal violations of federal and state law that affected interstate commerce.

(Complaint, ¶ 15).

Plaintiff does not successfully plead the required elements of a RICO claim, as Plaintiff fails to plead a "pattern of racketeering activity." <u>See</u> <u>St. Paul</u>, 224 F.3d at 439.

"Racketeering activity" is defined very specifically in the RICO statute, and a "pattern" consists of two or more acts of racketeering activity within ten years. 18 U.S.C. § 1961; see also Heller, 71 F.3d at 523.  Further, to plead a pattern of racketeering activity, the two acts of racketeering activity must be "related" and "pose a threat of continued criminal activity." HJ Inc., 492 U.S. at 236.

In this case, Plaintiff does not specify which two acts of racketeering activity the Defendants allegedly committed.  Rather, Plaintiff only claims that Defendants committed some undefined "improper and/or illegal violations of federal and state law that affected interstate commerce." (Complaint, ¶ 15).  Plaintiff does not specify which federal or state laws were allegedly violated by Defendants, accordingly, it is not possible to determine whether Plaintiff actually alleges activities that qualify as "racketeering activities" pursuant to 18 U.S.C. § 1961(1).  It follows that since Plaintiff does not even allege what two acts of racketeering activity were committed by Defendants, Plaintiff also does not allege, as is required, that the two acts of racketeering activity were "related" and "pose a threat of continued criminal activity." HJ Inc., 492 U.S. at 236  see also Complaint, ¶ 15.  Based on the above, Plaintiff does not successfully plead a pattern of racketeering activity in its Complaint, which is a required element

of a RICO claim.  <u>See</u> <u>St. Paul Mercury Ins. Co.</u>, 224 F.3d at 439.[7]

In light of the deficiencies in Plaintiff's RICO claim, the Court hereby ORDERS Plaintiff to re-plead its RICO claim against Defendants, and to specifically include the following information in its revised RICO cause of action:

**Parties**

1.  Describe the specific misconduct or basis of liability of each named Defendant in the case.

2.  If there are any non-party wrongdoers who contributed to Plaintiff's alleged damages, provide the names of these non-party wrongdoers and explain their alleged misconduct.

**Alleged Racketeering Activities**

3.  List each alleged racketeering activity committed by the Defendants.  Include the particular statute or state law that is alleged to have been violated, and the facts surrounding each violation.

4.  If the alleged acts of racketeering activity are wire fraud, mail fraud, or securities fraud, state with

---

[7]The Court also notes that Plaintiff also fails to plead the required element of an existence of a "RICO Enterprise" in its Complaint.  <u>Id.</u>  All Plaintiff alleges is that Defendants engaged in certain conduct "as an enterprise and/or association in fact".  Plaintiff never specifies how the Defendants formed this enterprise, nor does Plaintiff provide any details at all describing how the Defendants together constituted an enterprise as defined by 18 U.S.C. § 1961(4).

particularity the circumstances of the fraud, including the time, place, participants, and content of the misrepresentations.

5.   State whether there has been a criminal conviction for each alleged act of racketeering activity.

6.   State whether any of the alleged acts of racketeering activity have formed the basis of a judgment in civil litigation.

7.   Describe how the alleged acts of racketeering activity form a pattern of racketeering activity.

8.   Describe how the alleged acts of racketeering activity are related to one another.

9.   Describe how the alleged acts of racketeering activity pose a threat of continued criminal activity.

**Alleged RICO Enterprise**

10.   Provide the names of the individuals or other entities that make up the alleged RICO enterprise.

11.   Describe the organization, purpose, function and course of conduct of the alleged RICO enterprise.

12.   Explain how the named Defendants are associated with the alleged RICO enterprise.

13.   Explain whether the Defendants are individuals separate from the alleged RICO enterprise, whether the Defendants are the alleged RICO enterprise, or whether the

Defendants are members of the alleged RICO enterprise.

14. Explain whether the pattern of racketeering activity and the alleged RICO enterprise are separate or have merged into one entity.

15. Describe what benefits the alleged RICO enterprise receives from the racketeering activity.

**18 U.S.C. § 1962**

16. State whether Plaintiff alleges that Defendants violated 18 U.S.C. § 1962(a)(b)(c), and/or (d).  State which subsection or subsections were allegedly violated by the Defendants, and provide detail as to how the Defendants allegedly violated each subsection or subsections.

17. Describe how the racketeering activities of the alleged RICO enterprise affect interstate commerce.

**IV.  Conclusion**

For the reasons set forth above, the Court hereby DENIES Defendant Roy Gonzalez' motion to dismiss Plaintiff's Complaint on standing grounds (D.E. 21), and the Court DENIES the portions of Defendants Padilla, Esparza and Saenz' motions to dismiss that seek to dismiss Plaintiff's breach of fiduciary duty claim (D.E. 13, 15, 17).  With regard to Defendant Roy Gonzalez' motion to dismiss Plaintiff's RICO Claim (D.E. 11), and the portions of Defendants Padilla, Esparza and Saenz' motions that address Plaintiff's RICO claim, the Court ORDERS Plaintiff to re-plead its RICO claim,

specifically providing the information requested in this Order, by February 12, 2007.  If Plaintiff does not re-plead its RICO claim against Defendants, Plaintiff's RICO claim may be DISMISSED.

SIGNED and ENTERED this 17th day of January, 2007.

_____
Janis Graham Jack
United States District Judge